IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS B. GARCIA,

    Petitioner,                    Case No. 2:07-cv-00621 ALA (HC)

    vs.

D.K. SISTO,                            ORDER

    Respondent.

_____/

    Nicholas B. Garcia ("Petitioner") is a state prisoner represented by counsel. He is presently incarcerated in a California state prison after being convicted of murder in the first degree in the Santa Clara County Superior Court. Pending before this Court are Petitioner's application for a writ of habeas corpus, filed on March 30, 2007, pursuant to 28 U.S.C. 2254(a) Doc. 2), Respondent's answer (Doc. 10), and Petitioner's traverse (Doc. 12).

    Petitioner contends that his federal constitutional rights were violated by Respondent during prison administrative proceedings that resulted in his being found guilty of conspiracy to introduce and distribute a controlled substance. Petitioner does not challenge the judgment of conviction or the trial court's sentencing decision.

    Respondent has moved to dismiss Petitioner's application on the ground that his claim is time-barred by the one-year statute of limitations set forth in the Administration and Effective

Death Penalty Act of 1996 ("ADEPA") 28 U.S.C. § 2244(d)(1). It is undisputed that Petitioner's application was filed more than one year after he received notice that his administrative appeal had been denied. Petitioner contends that he is entitled to a review of the merits of his constitutional claims pursuant to the doctrine of equitable tolling. For the reasons discussed below, Petitioner's application for a writ of habeas corpus will be dismissed as time-barred.

## I

### A

On July 28, 2003, Petitioner was placed in the administrative segregation unit at San Quentin State Prison pending the completion of an investigation that involved him in the sales and distribution of controlled substances at San Quentin State Prison. (Pet'r App. at 2). Petitioner appeared before the Senior Hearing Officer on September 10, 2003 on the disciplinary charge and was found guilty of sales and distribution of a controlled substances.

As a result of his being found guilty of violating a prison rule, Petitioner's privileges were suspended for ninety days, and he lost contact visits for one year. However, no time-credit forfeiture was assessed against him. He remained in administrative segregation until March 3, 2004.

### B

Petitioner appealed his administrative conviction through the California Department of Corrections appeals process. Petitioner exhausted the administrative procedure that resulted in the issuance of an amended Rules Violation Report ("RVR"). At the Director 3 Level of review, it was determined that the evidence did not support the conviction of sales and distribution of a controlled substance, but rather conspiracy to introduce and distribute a controlled substance. On October 29, 2004, Petitioner received a copy of the amended RVR.

## II

### A

Petitioner filed a petition for a writ of habeas corpus on August 30, 2005 in the Marin

County Superior Court, challenging the disciplinary action taken against him for his prison rule violation.  The Marin County Superior Court denied his petition in an opinion filed on October 26, 2006.

In denying each of Petitioner's claims, the Marin County Superior Court reasoned as follows:

> 1. Petitioner claims he was denied an opportunity to call witnesses in his own behalf;
> 2. Petitioner claims that confidential informants, who presumably testified at the hearing, made "contradictory and conflicting statements,"
> 3. Petitioner claims he was denied a reasonable opportunity to present exculpatory evidence;
> 4. Petitioner claims that he was denied a fair and impartial hearing; and
> 5. Petitioner claims he was essentially denied the benefit of an investigative employee.
>
> Petitioner's petition and attachments amount to over two (2) inches of paperwork.  The court has carefully reviewed all of the information provided from the documents submitted, it appears that petitioner was charged in a Rules Violation Report, on or about July 28, 2003, with having engaged in the sales or distribution of controlled substance while petitioner was confined at San Quentin State Prison.  As noted above, at the hearing held on September 7, 2003 at San Quentin State Prison, petitioner was found to have committed the rules violation and was sanctioned as noted above.
>
> While petitioner passionately argues that the hearing was flawed and unfair, the documents submitted by him do not so demonstrate.  Nothing demonstrates that he was barred from calling witnesses on his own behalf or otherwise presenting exculpatory evidence. While he complains of the alleged "contradictory and conflicting statements" of the confidential informants, there is no demonstration of that, and this court is in no position to reassess the weight to be given to their statements. There is likewise no demonstration that the hearing was fundamentally unfair or partial, nor that the investigative employee assigned to petitioner failed to aid him as required.
>
> This court is not persuaded that petitioner is entitled to the relief requested.  The burden is on the petitioner to establish a prima facie case for relief (see *People v. Romero*, (1994) 8 Cal.4th 464, 474), and he has failed to meet that burden in this case.

*In re Nicholas B. Garcia on Habeas Corpus*, No. SC143344A (Cal. App. Dep't Super. Ct.) at 2-3

1  (Oct. 24, 2005).

**B**

On January 6, 2006, Petitioner filed a petition for a writ of habeas corpus before the California Court of Appeal for the First District. It was summarily denied on January 12, 2006.

Petitioner filed a petition for a writ of habeas corpus before the California Supreme Court of California on January 31, 2006. It was summarily denied on November 29, 2006. Petitioner filed his application for a writ of habeas corpus in this Court on March 30, 2007.

**III**

**A**

Respondent argues that this Court should not consider the merits of Petitioner's application for a writ of habeas corpus pursuant to § 2254(a) because it is time-barred under § 2244(d)(1). Section 2244(d)(1) provides in pertinent part as follows: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." When a state prisoner challenges an administrative decision the limitation period begins to run, pursuant to § 2244(d)(1)(D) on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004). It is undisputed that Petitioner received the final version of the RVR on October 29, 2004. Therefore, the statue of limitations began running on the next day. *Id.* Absent statutory tolling, the one-year limitation period expired on October 29, 2005.

**B**

The one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28. U.S.C. § 2244(d)(2). Here, as noted above, Petitioner filed state petitions for a writ of habeas corpus in the trial court, the California Court of Appeal, and the California

4

Supreme Court. Accordingly, this Court must engage in a mathematical computation to determine whether the statute of limitations was tolled while a properly filed state petition for a writ of habeas corpus challenging the administrative decision was pending.

The limitation time began running on October 30, 2004. Petitioner did not file his petition for a writ of habeas corpus from the administrative decision in the trial court until August 30, 2005. As of that date, 305 days of the one-year period had elapsed because no state petition for a writ of habeas corpus was pending.

The Marin County Superior Court denied the petition on October 26, 2006. Petitioner filed his habeas corpus petition before the California Court of Appeal on January 6, 2006. That Court denied the habeas petition on January 12, 2006. The California Supreme Court denied his petition for habeas corpus relief on November 29, 2006.

"[T]he AEDPA statute of limitations is tolled for all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (internal quotation marks omitted)). Accordingly, the limitation statute was tolled between August 30, 2005 and November 29, 2006. The one-year time limitation began running again on the following day.

Petitioner did not file his application in this Court until March 30, 2007—121 days after he no longer had a habeas court petition pending in a California court. The time-period between November 29, 2006 and March 30, 2007 was not tolled. ADEPA's statute of limitation is "not tolled after state post-conviction proceedings are final and before federal habeas proceedings are initiated." *Roy v. Lambert*, 465 F3d 964, 968 (9th Cir. 2006).[1]

---

[1] Respondent also argues, in a single sentence, that petitioner's application should be dismissed because the 305-day delay before he filed his original habeas corpus petition in the Marin County Superior Court rendered that petition untimely. (Doc. 10, Resp't at 9.)

V

Petitioner contends that his application for a writ of habeas corpus should be treated as timely filed. He argues that the undisputed facts demonstrate that he is entitled to equitable tolling because "he was prevented by state action from filing the present petition within the one-year AEDPA limitation period." (Doc. 12, Pet'r traverse at 4.)

Equitable tolling of AEDPA's one-year statute of limitations is warranted only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003). It is the prisoner's burden to show that the extraordinary circumstances were the cause of his or her untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Determining whether equitable tolling is warranted is a 'fact-specific inquiry.'" *Spitsyn*, 345 F.3d at 799 (quoting *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000)(en banc).

Petitioner argues that he is entitled to equitable tolling because "[o]n July 28, 2003, the day [he] was released from the infirmary, [he] was placed into the administrative segregation unit ("Ad/Seg," or "the hole")." (Doc. 13 at 2). Petitioner further alleges that

> [he] was confined to the hole for an extended period and was denied his legal papers the entire time. The day he was released from the hole, [Petitioner] was sent to Susanville. After [Petitioner] arrived, he found that prison staff had searched his property while he was in the hole, and the documents crucial to his [administrative appeal] could not be accounted for. [Petitioner] continued to pursue the return of those materials for over a year

---

Respondent cites *Evans v. Chavis*, 546 U.S. 189 (2006) for this proposition. *Chavis* is not dispositive of the question whether petitioner's application is time-barred.

The Supreme Court instructed in *Chavis* that, pursuant to Section 2244(d)(2), only a timely petition may toll the stature of limitations *between* state court filings. The court held that a six-month delay between state court filings was unreasonable and does not toll the statute of limitations. *Id.* at 198-200. In this matter, the 305-day delay occurred *before* the original petition for habeas corpus relief was filed in the Marin County Superior Court. Thus, the 305-day delay did not occur during gaps *between* state court proceedings and therefore *Chavis* is inapplicable regarding the facts reflected in this record.

1   more, finally obtaining them in May 2005.
2   (Doc. 12, Pet'r P. & A. at 8).
3   In support of this claim, Petitioner relies on *Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002) and *Espinoza-Matthews v. California*, 432 F.3d 1021 (9th Cir. 2005). In *Lott*, the Court held that a remand was appropriate to determine the applicability of equitable tolling because the petitioner was denied access to his legal file for eighty-two days and received it shortly before the AEDPA limitations period ran. *Lott*, 304 F.3d at 924-925. In *Espinoza-Matthews*, the Ninth Circuit held that equitable tolling was appropriate where the petitioner was denied access to his legal file for eleven months after the denial of his state habeas petition in the California Supreme Court, leaving him only one month to file his federal habeas petition. *Espinoza-Matthews*, 432 F.3d at 1028.

The facts in both *Lott* and *Espinoza-Matthews* present extraordinary circumstances that caused the untimely of the petitions in those cases. In *Lott*, for example, the petitioner was only able to access his legal documents six days before he was statutorily required to file an application for a writ of habeas corpus. *Lott*, 304 F.3d at 923. The court noted that "such a fleeting period could have made a timely filing by a pro se prisoner literally impossible." *Id*. at 923. In *Espinoza-Matthews*, the petitioner was denied access to his legal materials while in administrative segregation three days before the California Supreme Court denied his habeas petition challenging his underlying conviction. 432 F.3d at 1023. Despite petitioner's diligence, for the next eleven months, he was denied access to his legal papers while his time to file an application for federal habeas corpus relief was running. *Id*. at 1028. When he was released from administrative segregation, he had approximately one month to file his federal application. *Id*. The court held that equitable tolling was appropriate because it was unreasonable to expect the petitioner to file a meaningful petition without access to his legal file. *Id*.

Petitioner argues that, like the prisoner in *Espinoza-Matthews*, he was denied access to legal documents he needed to seek state habeas corpus relief while he was housed in

administrative segregation. The record in this case illustrates, however, that the alleged impediment to filing an initial state habeas corpus petition was removed in May 2005, when Petitioner received all of the documents he had requested. When the documents were returned to Petitioner, only six months of the AEDPA limitations period had elapsed.[2] After Petitioner received the documents he claims were relevant to his case, he did not file his state habeas petition with the Marin County Superior Court until some four months later. Petitioner has failed to allege facts sufficient to demonstrate that extraordinary circumstances beyond his control made it impossible to file his state petition within a reasonable period of time, as required by the Ninth Circuit's decision in *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Accordingly, equitable tolling does not apply to the instant application. Petitioner's application for habeas corpus relief will be dismissed as time-barred.

**Conclusion**

Based upon the foregoing, IT IS HEREBY ORDERED that Petitioner's request for an evidentiary hearing is DENIED and his application for a writ of habeas corpus is DISMISSED as time-barred pursuant to 28 U.S.C. § 2244 (d)(1). The clerk is directed to enter judgment and close the case.

/////

DATED: October 30, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[2] The calculation here is approximate because Petitioner alleges that he received the documents he required to file his state habeas corpus petition "in the beginning of May 2005, when [his] counselor finally returned all of [his] documents . . ." (Doc. 13 at 2).

8